IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 17, 2008

## JEANETTE TACKER v. MICHAEL DAVIDSON

**Appeal from the Chancery Court for Shelby County**
**No. CH-03-0622-2     Arnold B. Goldin, Chancellor**

**No. W2007-00986-COA-R3-CV  - Filed August 5, 2008**

This appeal concerns a contempt proceeding arising from the alleged failure of the appellant to pay child support and other expenses as required by a prior court order. Neither the appellant nor counsel for the appellant appeared at the hearing below held on the issue of his contempt. The trial court found the appellant to be in contempt for nonpayment of his court-ordered obligations; the appellant was also taxed with attorney's fees for the appellee. Because the trial court failed to find that the appellant possessed the present ability to pay and also failed to find that he was in willful noncompliance with the court's prior order, we reverse that part of the decision below finding the appellant to be in contempt as well as awarding attorney's fees, and we remand for further proceedings. We leave undisturbed the trial court's finding that the appellant was in arrears on his obligations to the appellee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part, and Remanded**

WALTER C. KURTZ, SR. J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

William T. Winchester, Memphis, Tennessee, for the appellant, Michael Davidson.

No appearance by the appellee, Jeanette Tacker.

**MEMORANDUM OPINION[1]**

**I**

Michael Davidson (Appellant) here appeals from a judgment of the Chancery Court for Shelby County finding him to be in contempt for failure to pay child support and failure to pay for certain medical expenses of his child as required by a previously entered court order. Appellant alleges numerous procedural defects and also contends that the evidence was insufficient to find him in contempt.

The record in this case is not particularly clear for several reasons. First, Jeanette Tacker (Appellee) has not filed a brief in this Court and has not participated in this the case on appeal.[2] Appellant's recitation of the history of this case, including his explanation as to the original instigation of this litigation, is also lacking. We have, though, gleaned from the record that in 2004 the trial court ordered Appellant to pay child support for the benefit of his minor child in an amount of $193.00 every two weeks beginning on August 15, 2004. The same order required him to pay one half of any and all uncovered medical expenses of the child.

On October 24, 2006, Appellee initiated contempt proceedings by filing a verified petition for contempt.[3] This petition alleged that the parties are the parents of a son born June 20, 1998, and it recited a prior support order. It further alleged that Appellant owed $700.00 in uncovered medical expenses and back child support of $772.00, all of which he had "willfully failed and refused to pay" while being continuously employed. According to this petition, since Appellant had the power to perform, "he may be imprisoned until he performs[.]" The petition's prayer states, in pertinent part, as follows:

> 8. Process issue requiring Respondent, Michael Davidson, to appear and show cause why he has failed and refused to pay child support, medical expenses, and provide an affidavit of his gross income as ordered.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] This Court issued an order on February 28, 2008 requiring Appellee to show cause why the case should not be submitted on Appellant's brief after Appellee failed to timely file her own brief. Having received no response, this Court then entered an order on March 19, 2008 allowing the case to proceed on the record and Appellant's brief. By a prior order of February 15, 2008, Appellee's trial counsel had been granted leave to withdraw.

[3] The pleading filed was titled "Verified Petition for Civil Contempt Based Upon Respondent's Willful Failure and Refusal to Pay Support as Ordered."

-2-

9. That upon his failure to show just cause for refusing to pay child support, Respondent be found in civil contempt and ordered to pay any and all arrears of child support immediately and to pay future support by wage assignment pursuant to T.C.A. § 36-5-501.

10. At such hearing, the Court determine whether the amount of current support is in compliance with the Tennessee Child Support Guidelines and, if not, order an increase in child support as indicated by Respondent's current income records.

[. . .]

13. Reasonable attorneys fees be reimbursed to Petitioner and/or awarded to counsel for Petitioner for enforcing support on behalf of the minor child as allowed by T.C.A. § 36-5-103(c).

14. Respondent be ordered to serve a period of confinement not exceeding ten days in the Shelby County Jail, or other facilities as the sheriff may assign, to punish his willful refusal to pay child support.

The proceeding was initiated in October 2006, but it was then continued several times. The matter was ultimately heard on May 2, 2007. Appellant did not appear at this hearing, nor did counsel appear on his behalf.[4] The following order was then entered by the trial court:

Although he was represented by counsel, Respondent Davidson did not appear or otherwise submit any evidence to establish that support or medicals had been made. Respondent did not appear although he had been served with process at least four months prior, and although this hearing had twice been reset so that he could provide evidence showing that payment of child support and/or medical expenses had been made by him as claimed.

Petitioner Tacker testified under oath that to the best of her knowledge there was no reason for the failure of Davidson to pay the amounts due, and the court admitted into evidence documentation she had prepared in support of her petition, including a Child Support Payment Log admitted as Exhibit One and made an addendum to this order.

Upon the testimony and documents of Petitioner, statements and arguments of counsel, and upon the record as a whole, the Court finds that Respondent Michael Davidson is in contempt of the order of this Court and IT IS THEREFORE ORDERED THAT:

---

[4] The record fails to explain why Appellant and his lawyer were absent; they had participated in the prehearing proceedings.

1. On or before 10:00 AM on Friday, May 11, 2007, Michael Davidson shall pay in good funds the total amount of Two Thousand, Seven Hundred and Sixty Two Dollars ($2,762.00) directly to counsel for Petitioner, Attorney Reba Robinson. This sum represents payment which will be accounted for and delivered to Petitioner, for the benefit of the minor child, [*sic*] child support arrears of $1,151.00; unpaid medical expenses of $669.00; $800.00 in attorneys fees incurred on the child's behalf; $100.00 paid to the court clerk for filing the petition; and $35.00 paid to secure service of process on Respondent.

2. Unless Respondent Davidson makes payment of $2,762.00, as ordered, and purges his contempt, he is ordered to surrender himself to the Shelby County Sheriff at or before 12:00 noon on Friday, May 11, 2007. Said surrender is to occur at [the] Chancery Court, 140 Adams, Memphis, Tennessee 38103.

The order was dated May 2, 2007.

## II

Appellant argues to this Court that his due process rights were violated in the proceedings below and contends further that the trial court erred in awarding Appellee attorney's fees. Appellant sets forth the issues as follows in his brief:

I. Whether or not the trial court violated Appellant's due process rights and erred in finding the Appellant in contempt of court where:

a. the Appellant did not have proper notice of the matters that were to be tried;
b. the Appellee's own exhibit showed that the Appellant was current at the time of hearing of all child support alleged not to be paid in the petition filed by the Appellee;
c. the trial court's order did not specify whether or not the contempt was civil or criminal, nor did it give a specific type of sentence of incarceration or a length of incarceration;
d. there was no finding that the Appellant willfully failed to pay child support;
e. there was no finding that the Appellant had the ability to pay child support; and,
f. the trial court did not witness the Appellant's willfulness for not appearing at the hearing.[5]

II. Whether or not the trial court erred in ordering Appellant to pay Appellee's attorney fees.

---

[5] Appellant was not held in contempt for failure to appear.

Our standard of review is well established. On appeal, a trial court's findings of fact are presumed to be correct and will not be overturned unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). "For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect." *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citations omitted). Conclusions of law, however, enjoy no such presumption of correctness and are reviewed de novo upon the record. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citation omitted).

## III

### A. Contempt

Appellant contends that there was no finding by the trial court that he had the ability to comply with its orders and also that the trial court made no finding that his failure to comply was willful. Appellant is correct.

There is no transcript of the proceedings below. The trial court's order of May 2, 2007 recites that Appellee testified that, to the best of her knowledge, "there was no reason for the failure of [Appellant] to pay the amounts due." The order does not, however, contain a finding by the trial court that Appellant's failure to pay was willful, nor does it contain a finding that Appellant possessed the present ability to pay.

The requirements for a finding of civil contempt were recently explained for this Court by Judge Highers:

> Thus, to find contempt, a court must find the misbehavior, disobedience, resistance, or interference of the party to be willful. In making a threshold finding of willful conduct, "willfulness" consists of acts or failures to act that are intentional or voluntary rather than accidental or inadvertent. A person acts willfully if he or she is a free agent, knows what he or she is doing, and intends to do what he or she is doing. A finding of willful conduct must precede a judgment for contempt, and a finding by a court that an act or omission was not willful must preclude a judgment of contempt.
>
> Holding an individual in contempt is an available remedy only when the individual has the ability to comply with the order at the time of the contempt hearing. For example, for a court to find that a party's failure to pay alimony was contemptuous, the court must first determine that the party had the ability to pay the obligation, and then determine that the failure to pay was willful. It is often said that the party held in civil contempt holds the "keys to the jail" because he may purge himself of contempt by complying with the court order.
>
> In this case, the trial court held Husband in contempt for his failure to refinance the

-5-

marital residence within thirty days and his failure to pay Wife $15,000 for her equity in the home. We do not have a transcript or statement of the evidence in the record before us, but the trial court's final order initially contained an express finding that "said contempt was not willful, in that [Husband] made attempts to refinance the residence." The amended order deleted and restated this sentence, but it again referred to the "proof of attempts made by [Husband]" to refinance the home, when explaining the court's decision not to impose punishment for the contempt. More importantly, it appears that there was never a finding that Husband willfully disobeyed the trial court's order in failing to refinance the home or in failing to pay Wife for her equity in the home. Without a threshold finding of willfulness, the trial court erred in holding Husband in contempt.

*Moore v. Moore*, No. M2004-00394-COA-R3-CV, 2007 WL 2456694, at *3 (Tenn. Ct. App. Aug. 29, 2007) (internal citations omitted).

The Supreme Court has also set forth the conditions that must be present before a person can be held in contempt:

Thus, to find contempt under [Tenn. Code Ann. § 29-9-102 (the general contempt statute)] a court must find the misbehavior, disobedience, resistance, or interference to be wilful. For the court to find that Ahern's failure to pay alimony and child support was contemptuous, the court first must determine that Ahern had the ability to pay at the time the support was due and then determine that the failure to pay was wilful. After a finding of contempt, courts have several remedies available depending upon the facts of the case. A court can imprison an individual to compel performance of a court order. This is typically referred to as "civil contempt." This remedy is available only when the individual has the ability to comply with the order at the time of the contempt hearing. Thus, with civil contempt, the one in contempt has the "keys to the jail" and can purge the contempt by complying with the court's order. In civil contempt, the imprisonment is meted out for the benefit of a party litigant. A court can also imprison and/or fine an individual simply as punishment for the contempt. This remedy is commonly referred to as "criminal contempt." Unless otherwise provided, the circuit, chancery, and appellate courts are limited to imposing a fine of $50.00 and to imprisoning an individual for not more than ten days. A party who is in criminal contempt cannot be freed by eventual compliance.

*Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000) (internal citations and footnotes omitted); *see also McPherson v. McPherson*, No. M2003-02677-COA-R3-CV, 2005 WL 3479630, at *3-5 (Tenn. Ct. App. Dec. 19, 2005).

Because the trial court's order here failed to find Appellant's conduct to be willful and failed to find that he possessed the present ability to pay, that order must be reversed to the extent that it finds Appellant to be in contempt. We pretermit the other issues raised by Appellant related to this contempt proceeding. While Appellant overstates the confusion below, there is no doubt that the petition for contempt—which was styled as a petition seeking "civil contempt"—contained a

reference to punishment for criminal contempt. Furthermore, the trial court's final order was less than clear that Appellant should be released from custody once he had purged himself of his contempt. The unexplained absence of Appellant and his lawyer from the final hearing may well have contributed to this ambiguity.

Upon remand the trial court shall make clear (if there was any doubt) that the proceeding is for civil contempt. This Court has held that a trial court is under an obligation to ensure that a respondent understands whether a contempt proceeding is for civil or criminal contempt and that the two forms of contempt cannot be tried together. *McPherson*, 2005 WL 3479630, at *3-5; *Freeman v. Freeman*, 147 S.W.3d 234, 242-44 (Tenn. Ct. App. 2003).

## B. Arrears

Appellant also contends that the determination of his arrearages at the hearing was erroneous as Appellee's own exhibit showed Appellant to be current in his payments. With no transcript or statement of the evidence, we are not inclined to reverse the trial court's findings on this issue.

## C. Attorney's Fees

The Court having reversed the decision below finding Appellant to be in contempt, any award of attorney's fees to Appellee resulting from that finding is also erroneous. *See Moore*, 2007 2456694, at *4. On remand the trial court may consider imposition of attorney's fees if it determines that they were warranted or necessary to prove Appellant's arrears. *See* Tenn. Code Ann. § 36-5-103(c).

## IV

For the reasons stated above, we reverse the judgment of the trial court finding Appellant in contempt and taxing him with attorney's fees. We affirm its finding that Appellant owed arrears. This case is remanded for further proceedings consistent with this opinion. Costs are taxed against the parties equally: one-half against Appellant, Michael Davidson, (as well as his surety) and one-half against Appellee, Jeanette Tacker, for which execution may issue if necessary.

_____
WALTER C. KURTZ, SENIOR JUDGE